UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 3:20-cr-86 |
| v. ) | |
| ) | SENTENCING MEMORANDUM |
| AARON ALLEN TRIPSES, ) | |
| ) | |
| Defendant. ) | |

The government, by and through the undersigned Assistant United States Attorney, files this sentencing memorandum in anticipation of the sentencing hearing currently set for June 9, 2022, at 11:30 a.m.

## TABLE OF CONTENTS

I. **BACKGROUND** ........................................................................................ 1

II. **SENTENCING CALCULATION** ............................................................. 2

III. **RELEVANT CONDUCT** ............................................................................ 3

IV. **VICTIM ISSUES** ......................................................................................... 4

V. **GOVERNMENT'S RECOMMENDATION** ............................................. 4

## I.   BACKGROUND

On August 12, 2020, a two-count Indictment was filed in the Southern District of Iowa, charging Aaron Allen Tripses with Production of Child Pornography (Count One) and Possession of Child Pornography (Count Two) (PSR ¶ 1.)

On January 18, 2022, the defendant pled guilty to Count One of the Indictment. (PSR ¶ 2.) On February 8, 2022, the Court accepted the defendant's plea and adjudicated him guilty. (*Id*.) Pursuant to the written plea agreement, the

1

government agreed to dismiss Count Two at the time of sentencing. (PSR ¶ 3). The defendant agreed to forfeiture, as outlined in the plea agreement. (PSR ¶ 6.)

## II. SENTENCING CALCULATION

In the presentence report paragraphs 30-43 the defendant's guideline range was calculated as follows:

| | |
|---|---|
| BOL [USSG §2G2.1(a) (production)] | 32 |
| SOC [USSG §2G2.1(b)(2)(A) (sex act)] | +2 |
| SOC [USSG §2G2.1(b)(3) (distribution)] | +2 |
| SOC [USSG §2G2.1(b)(4)(A) (S&M/violence)] | +4 |
| SOC [USSG §2G2.1(b)(6)(B)(ii) (computer)] | +2 |
| Adjusted Offense Level | =42 |
| Chapter Four [USSG §4B1.5(b)(1) (pattern)] | +5 |
| Acceptance | -3 |
| Total Offense Level | =44 → 43 |
| Criminal History Category (PSR ¶ 51): | III |
| Guideline Sentencing Range (PSR ¶ 95): | life → 360 months (stat. max.) |

For the reasons outlined below, the government believes that the conduct outlined in paragraph 44 of the PSR is relevant conduct and that based upon that conduct, the defendant should also receive a two-level enhancement under USSG §2G2.1(b)(1)(B), because the offense involved a minor who had not attained the age of sixteen. This would make the defendant's adjusted offense level 44; however, because the defendant's total offense level is already higher than 43, and because his

2

guidelines are higher than the statutory maximum, this would not affect either the total offense level or the guidelines range.

## III. <u>RELEVANT CONDUCT</u>

In the PSR, information about the defendant's production of child pornography with MV #1 when she was 15 years old has been categorized as "Offense Behavior Not Part of Relevant Conduct." (*See* PSR ¶ 44.) USPO states that "[b]ecause the offense of conviction only includes dates when MV #1 was 16 years old, and because the offense is not subject to "expanded relevant conduct," as described in USSG §1B1.3(a)(2), the information in this paragraph is not relevant conduct and cannot be included in the Offense Conduct portion of this report or used to calculate the defendant's offense level." (PSR fn. 3.) The government has objected to the categorization of this information, and the failure to attribute the defendant a two-level enhancement under USSG §2G2.1(b)(1)(B). (DCD 42.)

USSG §1B1.3(a)(1)(A) provides that relevant conduct includes "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." It is the government's position that the production of child pornography, with the same victim, is at a minimum grooming behavior which is conduct "that occurred during the commission of the offense of conviction, [and/or] in preparation for that offense."

3

As explained above, the Court's finding on this issue does not affect the guidelines calculation.

Furthermore, even if the Court finds that the conduct described in paragraph 44 is not "relevant conduct" and cannot form the basis for the enhancement under USSG §2G2.1(b)(1)(B), the conduct can, and should still be considered as a part of the Courts analysis under 18 U.S.C. § 3553(a), pursuant to USSG 1B1.4.

## IV. VICTIM ISSUES

The information received to date is that MV #1 is not seeking any restitution. The mother of MV #1 has indicated an intent to submit a written victim impact statement, but to date it has not been received by the government. If a victim impact statement is received in advance of sentencing, it will be promptly forwarded to the Court.

## V. GOVERNMENT'S RECOMMENDATION

The sentencing statutes inform this Court that it must impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. §3553(a)(2).  The Court, in determining the particular sentence to be imposed, shall also consider the nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. §3553(a)(1). The sentence

must "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. §3553(a)(6).

This case originated when officers responded to Tripses' residence for a welfare check. (*See* PSR ¶ 49.) It was discovered that Tripses had gone to a hotel to locate the Adult Victim (AV #1), who was 20-weeks pregnant, and attempting to flee Tripses' abuse. *Id*. Tripses ambushed AV #1, strangled her, and dragged her to his car. *Id*. Tripses then transported AV #1 to another location and continued to strike her in the face multiple times. *Id*. AV #1 was eventually able to send a text message, which prompted the welfare check. *Id*. When police arrived, Tripses initially told police that AV #1 was not present, however, officers physically observed AV #1. *Id*. While officers were speaking to AV #1, Tripses fled with his two-year-old child. *Id*. As a part of that case, Tripses admitted to violating the no contact order. *Id*. While incarcerated on that charge, Tripses was caught with a paperclip formed into a handcuff key. (PSR ¶ 50.)

The defendant is 33 years old. (PSR p. 2.) The defendant's criminal involvement dates back to when he was 12 years old. (PSR ¶ 45.) That case involved the defendant being adjudicated delinquent on a charge of Sexual Abuse in the Second Degree. *Id*. The defendant's adult convictions include: Assault Causing Bodily Injury (involving an assault on a ten-year old) (PSR ¶ 46); Harassment (PSR ¶ 47); Operating While Under the Influence (PSR ¶ 48); Violation of a No Contact Order and Domestic Abuse Assault Impeding Air/Blood Flow Causing Bodily Injury (PSR ¶ 49); and Possession of Contraband in Correctional Institution (PSR ¶ 50).

Upon Tripses' arrest for the above incident, officers had located his cell phone. (PSR ¶ 10.) Officers subsequently received information that Tripses phone contained evidence of him having a "sexual relationship" with a minor, Minor Victim #1 (MV #1). (PSR ¶ 11.) As a part of the investigation, officers executed multiple search warrants on Tripses' devices and accounts. (PSR ¶¶ 17, 19, 24.) During a review of Tripses' phone, officers located 1,450 images and videos of MV #1. (PSR ¶ 21.) Hundreds of the images and videos depicted Tripses engaged in sex acts with MV #1. *Id*. Some of the videos depicted Tripses strangling MV #1, forcibly grabbing him/her, and/or slapping him/her. (PSR ¶ 21.) Officers located additional images and videos of child pornography of MV #1 on another of Tripses' devices. (PSR ¶ 24.) On that device, officers located a video depicting MV #1's arm and legs tied while Tripses strangled him/her for 25 seconds. *Id*. Officers also located dozens of depictions of women in public places being filmed, seemingly without their knowledge. (PSR ¶ 20.) The defendant also had still images depicting close-ups of females' buttock or breast from the videos. *Id*.

Of particular note, the defendant does not seem to grasp the gravity of the situation as he has numerous times referred to his "relationship" with MV #1 as an "affair." (*See* PSR ¶¶ 12, 60.)

Tripses' conduct here, both as it relates to the child pornography charge, and as to the domestic violence which initiated the investigation, are aggravating and demonstrate that he is a significant danger to the community. The defendant's behavior here is of even greater concern when viewed in light of his history of both

sexual and physical violence, and his lack of understanding of the significance of his behavior. All of this demonstrates that the defendant is a very serious danger to the community, and a significant term of incarceration is necessary to protect the public.

The government will ask the District Court to find a final advisory guideline range of Level 43/Criminal History category III: 360 months. The government respectfully recommends a guidelines sentence is appropriate in this case.

WHEREFORE, the government prays the District Court consider this sentencing memorandum in determining the final sentence of the defendant.

Respectfully submitted,

Richard D. Westphal
United States Attorney

By:  /s/ Andrea L. Glasgow
    Andrea L. Glasgow
    Assistant United States Attorney
    U.S. Courthouse
    131 E. Fourth Street, Suite 310
    Davenport, Iowa 52801
    Tel: (563) 449-5432
    Fax: (563) 449-5433
    Email: andrea.glasgow@usdoj.gov

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 2, 2022, I electronically filed the foregoing with the Clerk of Court using the CM ECF system.

UNITED STATES ATTORNEY

By: /s/ Andrea L. Glasgow
    Andrea L. Glasgow