IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CRIMINAL NO.   3:20-cr-86 |
| Plaintiff, | ) | |
| | ) | DEFENDANT'S SENTENCING |
| vs. | ) | MEMORANDUM |
| | ) | |
| AARON ALLEN TRIPSES, | ) | |
| | ) | |
| Defendant. | ) | |

## I.     INTRODUCTION

On January 18, 2022, Aaron Allen Tripses accepted responsibility for his conduct by pleading guilty to count one of the two-count indictment, charging Production of Child Pornography, contrary to 18 U.S.C. §§ 2251(a) and (e).   This matter is scheduled for a sentencing hearing on June 9, 2022, at 11:30 a.m.   The final presentence report provides a total offense level of 43 and a criminal history category of III, resulting in an advisory sentencing guideline range of 360 months' imprisonment[1], as 360 months is the statutory maximum sentence.   (PSR, ¶ 95).   Mr. Tripses does not contest the advisory guideline range as calculated. However, he is seeking a downward variance, asserting a sentence below the advisory guideline sentence would be sufficient, but not greater than necessary, to fulfill the purposes of sentencing.

## II.     PURSUANT TO THE FACTORS SET FORTH IN 18 U.S.C. § 3553(a), A SENTENCE BELOW THE ADVISORY GUIDELINE SENTENCE IS SUFFICIENT.

---

1 The applicable guideline sentence is life imprisonment, however, based on the statutory maximum sentence, the advisory guideline is 360 months' imprisonment.

1

A.   Legal Authority

It is well established that the court shall consider all factors set forth in 18 U.S.C. §

3553(a) to determine whether a sentence is sufficient, but not greater than necessary, to address

the sentencing purposes outlined in paragraph 2 of this subsection.   *See United States v. Haack*,

403 F.3d 997, 1003 (8th Cir. 2005).   Paragraph 2 provides the following stated purposes:

> "The need for the sentencing imposed - A) to reflect the seriousness of the
> offense; to promote respect for the law, and to provide just punishment for
> the offense; B) to afford adequate deterrence to criminal conduct; C) to protect the
> public from further crimes of the defendant; and D) to provide the defendant with
> needed educational or vocational training, medical care, or other correctional
> treatment in the most effective manner."

The sentencing factors to be considered by the court include the nature and circumstances

of the offense, the history and characteristics of the defendant, and the kinds of sentences

available. 18 U.S.C. § 3553(a)(1).   In addition to these sentencing factors, the court is permitted

to entertain policy considerations pertinent to the relevant guideline section.   *Rita v. United*

*States*, 127 S. Ct. 2456, 24654 (2007).   The court may vary outside of the guideline range based

on a policy disagreement with the underlying guideline section.   *Kimbrough v. United States*,

128 S. Ct. 558, 570 (2007).   The sentencing court "may not presume that the guidelines range is

reasonable," but rather "must make an individualized assessment based on the facts presented to

arrive at a sentence that is sufficient, but not greater than necessary."   *Gall v. United States*, 128

S. Ct. 586, 597 (2007).

B.   Analysis

A sentence below the advisory guideline sentence is supported by the sentencing factors

found in 18 U.S.C. § 3553(a).   Mr. Tripses is currently 33 years of age.   (PSR, ¶ 57).   Prior to

his arrest on July 16, 2020, which also ultimately indirectly initiated investigation of the instant offense, his criminal history was limited.   Absent the convictions following the July 16, 2020 arrest, his criminal history includes no criminal history points and would be assigned the lowest offense level of I.   (PSR, ¶¶ 46-48).   This is a significant consideration in relation to Mr. Tripses' personal history because it distinguishes him from individuals whom have been previously sentenced, provided services and chosen to reoffend.   Although his criminal history category is currently III, the temporal proximity of the underlying cases is unique to his history. Prior to the 2020 arrest, he had never previously been sentenced to prison, receiving previous sentences of unsupervised probation, a fine, and/or two days of incarceration.   (See PSR, ¶¶ 46-48).   Therefore, a sentence consistent with the advisory guideline applicable in this case would be more severe than necessary to address sentencing factors.   A prison sentence will have a more punitive effect on Mr. Tripses than on someone who has been to prison before and chosen to reoffend.   This dynamic is relevant to the Court's determination of what type of sentence would constitute "just punishment."   *See United States v. Baker*, 445 F.3d 987, 992 (7th Cir. 2006).

Relatedly, Mr. Tripses has not previously received any rehabilitative services.   He has never met with a mental health professional, nor received a corresponding evaluation.   (PSR, ¶ 73).   However, he has expressed remorse and interest in addressing underlying issues.   *See* Defendant's Exhibit A.   This is consistent with an amenability to corrective programming. Areas of stability in his life, as well as this amenability to rehabilitations, provide a favorable context for change and growth.

There are a number of stable aspects in Mr. Tripses' life that support successful

rehabilitation.   He has been consistently and reliably employed throughout his adult life. (PSR, ¶¶ 83-86).   Prior to his arrest, he worked at Harapat Auto Service in Iowa City, Iowa, as an automotive technician for two years and ten months.   (PSR, ¶ 83).   He would be reconsidered for hire in the future with this company.   *See* Defendant's Exhibit B.   Prior to his position at Harapat Auto Service, he held other long-term positions, including previous work in the automotive field.   (PSR, ¶¶ 84-85).   He is a high school graduate, and previously earned certifications in Automotive Service Excellence (ASE).   (PSR, ¶¶ 80-81).   He does not have a history of illegal substance abuse, and no substance dependency.   (PSR, ¶¶ 76-78).   He described problematic alcohol consumption that peaked at age 19, but tapered off after meeting his second wife.   (PSR, ¶ 76).   Consistently, he has demonstrated good conduct while serving the current period of incarceration.   While detained at the Muscatine County Jail, he has incurred no violations.   (PSR, ¶ 8).   He maintains a strong community support network of individuals who themselves live law-abiding lives.   (*See* PSR, ¶¶ 61-64, Defendant's Exhibit A). He was raised in a stable home environment, providing a solid foundation of his future rehabilitation.   (PSR, ¶ 57).   Although a significant prison sentence is indisputably a necessary component of Mr. Tripses' sentence, a sentence below the advisory guideline sentence is sufficient in light of his ability to actively participate in his rehabilitation and to adhere to structure.

Mr. Tripses' level of accountability is another consideration favoring a sentence below the advisory guideline sentence.   Mr. Tripses' expressed accountability in this case by entering a plea of guilty to count one of the indictment.   (PSR, ¶ 2).   His acceptance of responsibility is a factor suggesting amenability to rehabilitation and also a factor supporting a sentence below the

4

advisory guideline sentence, which is also the statutory maximum sentence available.   His level of accountability alone differentiates him from those deserving of the maximum sentence available.

Finally, although Mr. Tripses has fully acknowledged the seriousness of his actions in this case, it is important to note the distinctly different level of penalty associated with the underlying sexual conduct itself, compared to the penalty range for the video production of the conduct.   Mr. Tripses has been charged and accepted responsibility for the production of child pornography.   However, penalties for the underlying sexual conduct are much less severe, under Iowa criminal law, than the penalties for the corresponding production of the images.   *See* Iowa Code §§ 709.4(1)(b)(3)(d) and 902.9.   A sex act committed with an individual who has attained the age of 16 is not criminalized under Iowa law.   A prohibited sex act with a minor age 14 or 15 is a class C felony, subjecting the individual to a penalty of no more than ten years imprisonment.[2]   Iowa Code §§ 709.4(1)(b)(3)(d) and 902.9.   Likewise, under federal law, knowingly engaging in a sexual act with a minor between the ages of 12 and 16 (when the minor is at least four years younger than the offender) is punishable to a period of imprisonment not more than 15 years.   18 U.S.C. § 2243(a).   Thus, the penalties presented for the production of images are more severe than those associated with the underlying conduct.   Based on the details of this case, it is counterintuitive to assign a greater penalty to the produced video images than to the conduct involved, as there was no demonstrated intent to disseminate the images.   The relative penalties for the underlying conduct, compared to the production of the content, support

---

2 Note that the presentence report does not include the conduct in paragraph 44 within relevant offense conduct. Defendant is in agreement with this position and includes the Iowa statutory section for age 15 as a point of reference to more generally compare related state penalties to the penalties for the instant federal offense.

a sentence below the advisory guideline sentence.

## III.    CONCLUSION

WHEREFORE, Mr. Aaron Tripses respectfully requests that the Court impose a sentence

below the advisory guideline sentence, in consideration of the factors found in 18 U.S.C. §

3553(a).

Respectfully Submitted,

FEDERAL DEFENDER'S OFFICE
CBI Bank & Trust Building
101 W. 2nd Street, Suite 401
Davenport, Iowa 52801-1815
TELEPHONE:   (563) 322-8931
TELEFAX:   (563) 383-0052
EMAIL: diane_helphrey@fd.org

By:   /s/ *Diane Helphrey*
     **Diane Helphrey**
     Assistant Federal Defender
     ATTORNEY FOR DEFENDANT

cc:  Andrea Glasgow, AUSA

CERTIFICATE OF SERVICE
I hereby certify that on June 3, 2022, I electronically
filed this document with the Clerk of Court using the ECF
system which will serve it on the appropriate parties.
     /s/

6